IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE ) <br> BOILERMAKER-BLACKSMITH ) <br> NATIONAL PENSION TRUST,   ) <br>                                                        ) <br> Plaintiff,                              ) <br>                                                        ) <br> -versus-                               ) <br>                                                        ) <br> TONIA R. STOKES, as legal      ) <br> guardian of Dustin Stokes, Kendall ) <br> Stokes, and Kayla Stokes;         ) <br> TEONDA S. LYONS, individually ) <br> and as legal guardian of Laci     ) <br> Lyons; and                            ) <br> CANDY FIELDS,                     ) <br>                                                        ) <br> Defendants.                         ) | Civil Action <br><br> Case No. 1:08-0726-WS-N |

## CONSENT JUDGMENT

This matter came before the Court on November 22, 2010. Thereafter, counsel for the parties submitted a joint proposed Settlement Agreement. A copy of the Settlement Agreement between the parties is attached hereto as Exhibit A.

Accordingly, upon agreement of the parties, as evidenced by the signatures of their respective counsel affixed hereto it is hereby:

ORDERED, ADJUDGED AND DECREED that:

1.     Teonda Sonyea Lyons shall be and is hereby considered the sole legal beneficiary of Justin C. Stokes, for purposes of the benefits

payable from the Boilermaker-Blacksmith National Pension Trust, (the "Pension Trust") at issue in this case. As such, Teonda S. Lyons shall be and hereby is entitled to receive all benefits payable under the Pension Trust arising as a result of the death of Justin C. Stokes on March 23, 2006, in the amounts previously determined by the Pension Trust, subject to the obligations of Lyons recited in paragraph 3(c) of the Settlement Agreement. See Exhibit A attached.

2. This determination fully resolves all matters raised in the Complaint for Interpleader (Doc. 1), and this judgment shall operate as a final adjudication on the merits of such Complaint for Interpleader. This Consent Judgment operates as a full and final adjudication of the Pension Trust's liability for benefits arising out of or on account of the death of Justin C. Stokes, and shall bar institution or prosecution of any proceeding in law or equity to determine the same.

3. The Pension Trust shall have no obligation other than to make the required distribution of benefit payment payable to Teonda S. Lyons as the beneficiary of Justin C. Stokes's pension benefits. All such distributions of benefits to Teonda S. Lyons may be made subject to and in accordance with law, including, but not limited to, section 206(d) of the Employee Retirement Income Security Act and section 401(a)(13) of the Internal

Revenue Code and all applicable regulations thereunder. The Pension Trust and/or its past and present trustees, officers, representatives, agents, attorneys, and/or employees shall have no liability to any person, party or their heirs and assigns as a result of any failure on the part of Teonda S. Lyons or her agent(s) to make any payment to any party, or to undertake or effectuate any other of the obligations recited in Exhibit A hereto. Furthermore, notwithstanding the respective tax obligations assumed under Exhibit A hereto by the Payees, the Pension Trust shall have no obligation other than to report to the applicable taxing authorities that the entire distribution of benefits has been distributed to Teonda S. Lyons, and further to make all required tax withholdings from the entire benefit distribution made to Teonda S. Lyons.

4. The Court retains jurisdiction to determine the amount and source(s) of the Guardian ad Litem's fee.

ENTERED: 1/26/11

WILLIAM H. STEELE
Chief United States District Judge

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into this 3rd day of December, 2010, (the "Effective Date") by and between Candy Fields and Teonda S. Lyons (hereinafter collectively referred to as "Claimants").

1. Purpose

This Agreement is made as a compromise between the Claimants for the complete and final settlement of their claims, difference, and cause of action with respect to the dispute described below and all allegations in case number 1:08-CV-00726-WS-N pending in the United States District Court for the Southern District of Alabama (hereinafter sometimes "The Litigation").

2. STATEMENT OF DISPUTE

The Claimants allege that they have adverse and conflicting claims to a Pre-Retirement Death-in-Service Benefit payable from the Boilermaker-Blacksmith National Pension Trust ("Pension Trust" or "Pension Fund") as a result of the death of Justin C. Stokes in 2006. The Claimants desire to reach a full and final compromise and settlement of all matters and causes of action arising out of the facts and claims relating to any and all benefits payable or paid to the Claimants from the Pension Trust on behalf of Justin C. Stokes.

3. TERMS OF SETTLEMENT

In consideration of good and valuable consideration, the receipt of which is hereby acknowledged, the Claimants agree as follows:

a. For the purposes of settling the Litigation, the Parties agree that Teonda S. Lyons shall be determined to be and treated as the beneficiary for purposes of the Pre-Retirement Death-in-Service Pension benefit payable as a result of the death of Justin C. Stokes from the Pension Trust.

b. That Teonda S. Lyons and Candy Fields shall designate and authorize a third party administrator (the "Third Party Administrator"), reasonably acceptable to both of them, to receive all pension payments from the



EXHIBIT A

    Pension Trust and to make the payments required under Section 3(c) until all such payments have been made. Teonda Lyons and Candy Fields may jointly remove and replace any Third Party Administrator at any time. Neither shall unreasonably withhold permission to change the administrator or cause undue delay. Teonda S. Lyons agrees that she shall provide the Pension Trust with all documentation required by the Pension Trust in order to permit her benefits to be paid to the Third Party Administrator; in the absence of such documentation, the Parties understand that the Pension Trust will be under no obligation to remit any such benefits to anyone other than Teonda S. Lyons.

c. The Parties agree that the Third Party Administrator shall make the following payments out of the pension payments paid by the Pension Trust:

    i. Within five (5) days of receiving from the Pension Trust the monthly pension payments that have accrued during the pendency of the Litigation, the Temporary Third Party Administrator shall after disbursement of fees and expenses, pay the parties as follows:
   1. Teonda S. Lyons, one sixth;
   2. Candy Fields, one sixth;
   3. Dustin K. Stokes, one sixth;
   4. Kendall D. Stokes, one sixth;
   5. Kayla D. Stokes, one sixth;
   6. Laci Lyons, one sixth.

    ii. Beginning in January, 2011, or as soon thereafter as the Pension Trust begins making regular monthly pension payments to the Parties and continuing each and every month as long as said payments are made, the Third Party Administrator shall distribute the payments as follows:
   1. Teonda S. Lyons, one sixth;
   2. Candy Fields, one sixth;
   3. Dustin K. Stokes, one sixth;
   4. Kendall D. Stokes, one sixth;
   5. Kayla D. Stokes, one sixth;

      6. Laci Lyons, one sixth.

   iii.   Pursuant to Alabama Code section 26-2A-6, payments to minor payees shall be paid to their parent or guardian. At this time, the payments to Kayla D. Stokes and Kendall D. Stokes shall be paid to their guardian and maternal grandmother, Glenda Collier. At this time, the payments to Laci Lyons shall be paid to her mother, Teonda Lyons.

   iv.   Pursuant to Alama Code section 26-2A-6, payments to minor payees shall not exceed $3,000 per year where made in a series of payments as here. It appears that the payments here will not exceed $3,000 in any year except possibly in 2010 for accrued payments. To the extent that the accrued payments may exceed $3,000 in 2010, the TPA shall retain the excess for payment in 2011.

d. The Claimants agree that John W. Sharbrough, III, shall serve as the Temporary Third Party Administrator for the first twelve (12) months of this Agreement and that such counsel may charge a fee of $20.00 per month for providing such services as compensation for the actual costs and expenses (postage, copies, etc.) incurred in connection with providing such services. The Temporary Third Party Administrator shall attempt in good faith to identify and retain a successor Third Party Administrator to provide such services thereafter for a nominal fee. In the event he is unable to retain a Third Party Administrator to provide such services for a fee of less than fifty dollars ($50.00) per month, the Claimants shall meet and/or confer (or cause their respective counsel to meet and/or confer) and negotiate in good faith to reach an agreed upon resolution of the issue.

e. That any monthly Pre-Retirement Death-in-Service Pension benefit checks payable to Teonda S. Lyons shall be paid by the Pension Fund to the Order of John W. Sharbrough, III, as Trustee, and mailed to John W. Sharbrough, III, P.C., Post Office Box 996, Mobile, AL 36602-3816.

 f. That John W. Sharbrough, III shall be responsible for dividing the monthly checks referred to in Paragraph 3(c) between the Payees.

 g. That the Claimants agree that all and any claims, demands, rights and causes of action that they may have, either directly or on behalf of any person or entity, for benefits payable from the Pension Fund, or any facts related thereto, are satisfied, discharged and settled as against the Pension Fund, its employees, administrators and Trustees.

 h. That the Claimants shall dismiss, with prejudice, any pending claims of any kind against the Pension Fund, its employees, administrators and Trustees.

 i. Taxes upon the benefits payable from the Pension Fund shall be paid pro rata by the Payees enumerated in paragraph 3(c).

## 4. CHANGE OF FACTS

It is understood by the Claimants that the facts in respect of which this Agreement is made may subsequently prove to be other than or different from the facts now known by any of them or believed by any of them to be true. Each of them expressly accepts and assumes the risk of the facts proving to be different, and each of them agrees further that all the terms of this Agreement shall be in all respects effective and not subject to termination or rescission by any such difference in facts.

## 5. RELEASE OF CLAIMS AND RIGHT OF ACTION

Claimants shall not institute any legal proceeding against the Pension Fund, its employees, administrator or Trustees, in or before any court or tribunal for any reason connected with, or related to, the payment of benefits from the Pension Fund, and the Claimants forever discharge the Pension Fund, its employees, administrators and Trustees, from all claims, demands, damages, actions and causes of action whether known or unknown, and whether within the contemplation of the parties or not, as arise in connection with, or related to, the payment of benefits from the Pension Fund.

## 6. INDEMNIFICATION

Claimants will hold the Pension Fund harmless and indemnified from all liability, attorney's fees, expenses and costs incurred as a result of the payment of benefits from the Pension Fund to Teonda Lyons in accordance with Section 3(b).

## 7. GUARDIAN AD LITEM'S ATTORNEY'S FEE

The Claimants agree that upon application, the Court will determine the amount and source of the Guardian Ad Litem's Attorney's fee. Otherwise, no other agreement has been reached with regard to fees with either the Guardian Ad Litem or the Pension Trust.

WITNESS the signatures of the parties hereto.

Dated: December 3, 2010

Counsel for Teonda S. Lyons

/s/ John W. Sharbrough, III
JOHN W. SHARBROUGH, III
75A Saint Michael Street
Mobile, AL 36608-3812
(251) 432-1413
john@sharbroughlaw.com

Counsel for Candy Fields

/s/ Christine C. Hernandez
CHRISTINE C. HERNANDEZ
P. O. Box 66174
Mobile, AL 36660-1174
(251) 479-1477
crshernandez@bellsouth.net

Approved:

/s/ Jean M. Powers
Jean M. Powers, Esquire
Guardian Ad Litem