IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOARD OF TRUSTEES, etc.,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION 08-0726-WS-C |
| **TONIA STOKES, etc., et al.,** | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the motion of the guardian ad litem ("GAL") to approve payment of attorney's fees. (Doc. 61). The plaintiff and defendants Teonda Lyons and Candy Fields have filed responses, (Docs. 62, 63), and the Court heard further argument on the motion at the hearing conducted November 22, 2010. After careful consideration of the foregoing, the Court resolves the motion as follows.

The GAL requests payment of fees and expenses in the amount of $10,560.00 and expenses of $91.50. The fees portion represents 70.4 hours at $150 an hour. Based on the evidence presented as to market rates and counsel's experience and expertise, the Court concludes that $150 is a reasonable hourly rate for the services provided. Based on the evidence presented as to the hours billed and the work accomplished, and the Court's awareness that this unusual case would not have been concluded as efficiently and satisfactorily without the GAL's involvement, the Court concludes that the 70.4 hours expended were actually and reasonably expended. The Court further concludes that the $91.50 in costs were actually and reasonably incurred. The Court therefore concludes that the GAL is entitled to payment in the full amount requested. No party has suggested otherwise.

The remaining issue is allocating responsibility for payment. The plaintiff argues that, both because it is an innocent and disinterested stakeholder in this interpleader

action and because the funds at issue represent employee benefits under ERISA, it should not be required to contribute to the payment of the GAL fees and expenses. (Doc. 63). Lyons and Fields state the position that they should pay half the awarded fees and expenses, with a cap of $5,000, the plaintiff to pay the balance. (Doc. 62 at 2). The GAL correctly noted at the hearing that she cannot advocate for, or agree to, any allocation that requires the minors to contribute to her fees and expenses. She further argued that the minors' financial and health situations counsel against allocating to them any responsibility for her fees and expenses.

Over $24,000 in benefits have accrued to date. Under the parties' settlement, the four minors will equally split two-thirds of this amount, a total of over $16,000. They will continue to receive two-thirds of future payments, potentially until Lyons reaches age 60, by which time each of the minors will have received many thousands more in benefits. In the Court's view, this is an excellent result for the minors, since a determination that either Lyons or Fields was the decedent's common-law wife at his death would have eliminated the minors' recovery entirely. The minors were the beneficiaries of the GAL's quality representation, and the Court concludes it is not unreasonable for them to share in paying her fees and expenses. The Court concurs with the plaintiff's assessment that it should not and perhaps cannot be required to likewise contribute. The Court also finds the acquiescence of Lyons and Fields in underwriting half the fees and expenses to represent a reasonable allocation.

For the reasons set forth above, the GAL's motion to approve payment of attorney's fees is **granted**. The GAL is **awarded** fees and expenses in the amount of $10,651.50. This sum is to be paid the GAL from the accrued benefits, with the following percentages coming from the share of each claimant:

    Teonda Lyons – 25%

    Candy Fields – 25%

    Dustin Stokes – 12.5%

    Kendall Stokes – 12.5%

Kayla Stokes – 12.5%

Laci Lyons – 12.5%

DONE and ORDERED this 26th day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE